# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK P. CIANFRANI<br>**Plaintiff,**<br>v.<br>DR. MIGUEL CARDONA, SECRETARY, *et al.*,<br>**Defendants.** | CIVIL ACTION NO. 21-1757 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                          **August 8, 2022**

Plaintiff Mark P. Cianfrani brings this action against Defendants, the United States Secretary of the Department of Education ("Department") and FMS Investment Corp. ("FMS"), for violating the Administrative Procedure Act ("APA") and its attendant regulations for their failure to discharge loans that were taken out in Plaintiff's name.[1] The Department and Plaintiff have both moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a).[2] For the reasons stated below, the Department's motion will be granted, and Plaintiff's motion will be denied.

## I.   BACKGROUND

Around April 30, 2008, Plaintiff's son, Mark A. Cianfrani, submitted an application for a Federal Family Education Loan for $20,000.[3] Plaintiff contends that his then-wife, Jacqueline Cianfrani, and his son listed Plaintiff as the borrower, and that Ms. Cianfrani signed Plaintiff's

---

[1] It appears that Plaintiff never served FMS Investment Corp. as no affidavit of service has been filed.

[2] Def.'s Mot. Summ. J. [Doc. No. 6]; Pl.'s Mot. Summ. J. [Doc. No. 8].

[3] Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF page 15.

name on the application without his knowledge or consent.[4] The loan was later approved and dispersed in the amount of $20,000.[5] Plaintiff's son used the loan to attend and graduate from West Chester University of Pennsylvania.[6]

Around July 6, 2017, Plaintiff received a letter from FMS notifying him that the Department had placed the account with FMS for collection, and including a copy of the promissory note.[7] Plaintiff claims that upon reviewing the letter, promissory note, and signature, he discovered he was "the victim of fraud and identity theft."[8] Around August 11, 2017, Plaintiff submitted an application for a loan discharge and a handwritten sworn statement to the Department, asserting that he did not sign the promissory note, as well as samples of his signature and that of Ms. Cianfrani.[9]

After Plaintiff's son did not respond to a letter from the Department asking if he would take responsibility for the loan,[10] the Department sent Plaintiff a letter dated October 12, 2017, stating that Plaintiff did not qualify for a loan discharge.[11] In a letter to the Department dated December 3, 2017, Plaintiff again asserted fraud and identity theft claims and requested a

---

[4] Compl. [Doc. No. 1] ¶¶ 14–15. Ms. Cianfrani died on June 12, 2019. Pl.'s Resp. Ex. 3 [Doc. No. 7-3]. Plaintiff and Ms. Cianfrani were married when the promissory note was signed and divorced in 2012. *See* Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF pages 7, 20.

[5] Plaintiff's Complaint states that his son applied for and received a $20,000 Federal Family Education Loan. Compl. [Doc. No. 1] ¶¶ 13, 16. However, Defendant's final administrative decision states that Plaintiff's son received $24,468 in Federal PLUS loans. Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF page 5.

[6] Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF pages 54–61.

[7] Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF page 11.

[8] Compl. [Doc. No. 1] ¶ 20.

[9] Compl. Ex. C [Doc. No. 1-3] at ECF pages 7-16.

[10] Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF page 41. The Department sent another letter on December 17, 2017. Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF page 42.

[11] Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF page 9.

discharge.[12] Plaintiff's letter pointed to the letters "Cia" in the submitted samples of Ms. Cianfrani's signature, implying that it resembled the "Cia" in the promissory note signature.[13] In January of 2018, the Department again denied Plaintiff's request to discharge the loan.[14]

In August of 2018, Plaintiff submitted another letter and a second False Certification Form to the Department requesting a discharge.[15] In the letter, Plaintiff indicated that the defaulted loan was impacting his credit and interfering with his tax filings.[16] He included a screenshot of a purported text message from his son, which stated that "I knew she signed your name too it was the only way I would've ever gone to college."[17] The Department did not adjudicate this application because it determined that it did not contain "new and compelling" evidence.[18]

The Department issued a revised final administrative decision on July 27, 2021, that denied Plaintiff relief.[19] The Department concluded that: (1) Plaintiff did not provide a court verdict or judgment determining that he was a victim of identity theft; (2) Plaintiff's son benefitted from the loan; (3) the information on the promissory note was valid; (4) Plaintiff was aware of the existence of the loans; (5) Plaintiff made payments on the loans; and (6) the signature on the promissory note was Plaintiff's. The Department noted that between 2008 and 2017, the Department and loan servicers "mailed approximately 160-180 pieces of loan

---

[12] Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF page 37.

[13] Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF page 37.

[14] Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF pages 38–39.

[15] Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF pages 23–24, 50.

[16] Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF page 50.

[17] Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF page 51.

[18] Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF page 39.

[19] Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF pages 4–8.

correspondence to [Plaintiff's] addresses of record. Except for three of these letters, none were returned as undeliverable."[20]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is warranted if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21] "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[22] When "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," there is a "genuine" dispute over material facts.[23] To evaluate a motion for summary judgment, it is necessary to "view the facts in the light most favorable to the non-moving party" and draw "all reasonable inferences in that party's favor."[24] It is improper for a court "to weigh the evidence or make credibility determinations" as "these tasks are left to the fact-finder."[25] The non-moving party must support its opposition to the motion by pointing to evidence in the record.[26] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[27]

---

[20] Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF page 6.

[21] Fed. R. Civ. P. 56(a).

[22] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[23] *Id.*

[24] *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005) (citation omitted).

[25] *Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d 1998).

[26] *Celotex Corp v. Catrett*, 477 U.S. 317, 322–23 (1986).

[27] *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

### III. DISCUSSION

The APA requires that an agency's action be set aside if a court finds it to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[28] An agency "that examine[s] the relevant data and articulate[s] a satisfactory explanation for its action including a rational connection between the facts found and the choice made" satisfies this standard.[29] Courts weigh various factors to make this determination, including:

> [Whether] the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.[30]

When reviewing the administrative record, courts cannot fill in gaps in the agency's reasoning.[31] However, courts will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned."[32]

The Department argues that the Court should grant summary judgment in its favor because Plaintiff does not satisfy the regulatory criteria for a loan discharge based on identity theft.[33] Loans of this type may be discharged in circumstances of "death, total and permanent disability, attendance at a school that closes, false certification by a school of a borrower's eligibility for a loan, [and] unpaid refunds by a school.[34] One form of false certification occurs

---

[28] *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 41 (1983) (quoting 5 U.S.C. § 706(2)(A)).

[29] *Motor Vehicle*, 463 U.S. at 43 (internal quotation marks and citation omitted).

[30] *Id.*

[31] *Id.* (citation omitted).

[32] *Id.* (internal quotation marks and citation omitted).

[33] Def.'s Mem. Supp. Mot. Summ. J. [Doc. No. 6] at 1.

[34] 34 C.F.R. § 682.402(a)(1).

when the school "[c]ertified the eligibility of an individual . . . as a result of the crime of identity theft."[35] To qualify for discharge based on identity theft, there must be "[t]he unauthorized use of the identifying information of another individual that is punishable under 18 U.S.C. §§ 1028, 1029, or 1030, or substantially comparable State or local law."[36] To satisfy this requirement, a plaintiff must:

> (A) Certify that the individual did not sign the promissory note, or that any other means of identification used to obtain the loan was used without the authorization of the individual claiming relief;
>
> (B) Certify that the individual did not receive or benefit from the proceeds of the loan with knowledge that the loan had been made without the authorization of the individual;
>
> (C) Provide a copy of a local, State, or Federal court verdict or judgment that conclusively determines that the individual who is named as the borrower of the loan was the victim of a crime of identity theft by a perpetrator named in the verdict or judgment[.][37]

Courts have routinely held that a verdict or judgment is required for a loan discharge due to identity theft.[38]

---

[35] 34 C.F.R. § 682.402(e) (1)(i)(C). *See* 20 U.S.C. § 1087(c)(1) (providing that the Secretary shall discharge a borrower's liability on a loan that "was falsely certified by the eligible institution or was falsely certified as a result of a crime of identity theft.").

[36] 34 C.F.R. § 682.402(e)(14)(i).

[37] 34 C.F.R. § 682.402(e)(3)(v). Subsection D, which requires an applicant to provide samples of signatures and a statement of facts to demonstrate the false certification of the loan, applies when "the judicial determination of the crime does not expressly state that the loan was obtained as a result of the crime." 34 C.F.R. § 682.402(e)(3)(v)(D). Here, there has been no judicial determination of a crime.

[38] *Castagnola v. Educ. Credit Mgmt. Corp.*, No. 14-3061, 2014 WL 12819298, at *2 (6th Cir. Sept. 2, 2014) (affirming grant of summary judgment because the plaintiff failed to provide a court verdict or judgment that he was the victim of identity theft). *See also Johnson v. U.S. Dep't of Educ.,* No. 17-2104, 2018 WL 3420016, at *3 (D. Md. July 13, 2018) (granting summary judgment where the plaintiff did not provide a verdict or judgment to support his identity theft claim).

Plaintiff does not dispute that he cannot produce a verdict or judgment that identifies him as the victim of identity theft.[39] Additionally, Plaintiff does not challenge the prevailing interpretation of 34 C.F.R. § 682.402(e)(3)(v) or argue that it is ambiguous. Instead, Plaintiff contends that he should not be required to fulfill this requirement because Ms. Cianfrani "cannot be prosecuted or convicted of a crime" because she died in 2019.[40] Plaintiff could have attempted to initiate criminal proceedings against Ms. Cianfrani by reporting her alleged conduct to the police while she was still alive, or Plaintiff could have pursued a civil case against Ms. Cianfrani or possibly against her estate. Although the circumstances are unfortunate, Plaintiff has not cited any authority that would allow the Court to make an exception to the regulation's requirements simply because he may be unable to fulfill its criteria. Accordingly, there is no factual dispute that Plaintiff failed to meet the requirements for a loan discharge outlined in 34 C.F.R. § 682.402(e)(3)(v).[41]

---

[39] Def.'s Mem. Supp. Mot. Summ. J. [Doc. No. 6] at 9; Pl.'s Resp. [Doc. No. 7] at ECF page 10.

[40] Pl.'s Resp. [Doc. No. 7] at ECF page 10.

[41] In addition to determining that Plaintiff was ineligible for discharge based on his failure to provide a judgment or verdict, the Department concluded that Plaintiff signed the promissory note or, at the very least, had notice of the loans before he challenged them in 2017. Def.'s Mot. Summ. J. Ex. A [Doc. No. 6-1] at ECF pages 4–8. The Department further concluded that Plaintiff benefited from the loan as it allowed his son to attend college. These determinations are supported by evidence in the record, which shows that the Department and loan servicers sent more than 150 letters to Plaintiff regarding the loans between 2009 and 2017, that payments were made on the loans, and that the money helped fund his son's education.

Plaintiff argues that his signature, as reflected in the samples provided, differs from the signature on the promissory note, that the "Cia" in the last name resembles the beginning of Ms. Cianfrani's signature, and that the Department declined to consider the purported text message from Plaintiff's son noting that his mother signed the promissory note that Plaintiff submitted with his second application for discharge. Plaintiff also contends that he reasonably believed that mail regarding the loan was directed to his son, who shares his name. Pl.'s Mot. Summ. J. [Doc. No. 8] at ECF page 11. However, the Court's scope of review is narrow, and it solely concerns whether the Department reviewed that evidence and demonstrated a rational connection between its decision and the information in the record. Here, the Department's determination is rational because the record shows that Plaintiff failed to provide a judgment or verdict, which is required for a loan discharge under 34 C.F.R. § 682.402(e)(3)(v).

However, Plaintiff contends that he may still be eligible for a discharge under 34 C.F.R. § 682.402(e)(15), which provides that:

> A borrower's obligation to repay all or a portion of an FFEL Program loan may be discharged without an application from the borrower if the Secretary, or the guaranty agency with the Secretary's permission, determines that the borrower qualifies for a discharge based on information in the Secretary or guaranty agency's possession.[42]

The Department adopted this provision to apply in situations where the Department "learn[s] of information that strongly suggests that all borrowers in a certain category would likely qualify for a false certification discharge" that would make it "appropriate to discharge those loans without an individual discharge request from each borrower."[43] This "is known as 'group' or 'blanket' discharge"[44] and may, for example, occur after the Department discovers "that all students at a specific school during a certain time period had incorrect [ability to benefit] determinations."[45] Plaintiff is not part of a larger group that the Department identified as being eligible for a loan discharge, and in fact, Plaintiff applied for a discharge and provided information to the Department in support of his application. Plaintiff is not eligible for a discharge under 34 C.F.R. § 682.402(e)(15).[46]

---

[42] 34 C.F.R. § 682.402(e)(15).

[43] Federal Family Education Loan (FFEL) Program and William D. Ford Federal Direct Loan Program, 65 Fed. Reg. 46316, 46318 (proposed July 27, 2000) (later codified at 34 C.F.R.§ 682.402(e)(15)).

[44] *Adams v. Duncan*, 179 F. Supp. 3d 632, 636 (S.D.W. Va. 2016).

[45] Federal Family Education Loan (FFEL) Program and William D. Ford Federal Direct Loan Program, 65 Fed. Reg. 46316, 46318 (proposed July 27, 2000) (later codified at 34 C.F.R.§ 682.402(e)(15)).

[46] The Department further argues that Plaintiff cannot obtain the relief he seeks in the Complaint. Def.'s Mot. Summ. J. [Doc. No. 6] at 11. As the Court will grant summary judgment for the Department on Plaintiff's claim, it does not reach this issue.

**IV.     CONCLUSION**

The Court's review of an agency decision is necessarily limited, and it is not the Court's place to substitute its reasoning for that of the Department as the Department's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. There is no genuine factual dispute that Plaintiff failed to satisfy the criteria for a loan discharge due to criminal identity theft. Therefore, the Department's motion for summary judgment must be granted, and Plaintiff's motion for summary judgment must be denied. An order will be entered.